556 A.2d 536

Wayne Rehm, Owner, Commonwealth Pest Control, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Agriculture, Respondent.

Argued February 10, 1989, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Mark T. Silliker,* for appellant.

*Stephen R. Pelcher,* for respondent.

OPINION BY JUDGE DOYLE, March 31, 1989:

Before this Court is an appeal by Wayne Rehm, the owner of Commonwealth Pest Control (Petitioner) from an order of the Secretary of Agriculture (Secretary) imposing a fine of $500.00 for a violation of Section 8(e) of the Pennsylvania Pesticide Control Act of 1973, 3 P.S. §111.28(e) (Act).[1]

Petitioner was hired by Francis Mazzola (Mazzola) for the purpose of performing preconstruction termite treatment to the property where Mazzola intended to build his home. On approximately April 15, 1987, Petitioner performed the termite service using a termite pesticide chemical known as Gold Crest C-100. At that time, only the foundation walls to the home were constructed. The foundation consisted of four cinder block walls that were capped at the top closing the holes.

As found by the Secretary, the proper application of the chemical required at least two steps: "The first was to treat the ground around the foundation walls. The second was to pour the chemical into the top of the cinder block which permitted the chemical to flow down to the ground and complete the soil treatment."[2] In order for Petitioner to apply the chemical, it was necessary to break the seal at the top of the cinder blocks where the blocks had

---

[1] Act of March 1, 1974, P.L. 90, *as amended.*

[2] It is not certain how this could occur unless the chemical would permeate the block wall and seep into the surrounding soil, thus keeping the termites away from the house.

been capped by the contractor. Petitioner arranged for the construction foreman to open the capped blocks by punching holes in the caps. Neither Petitioner nor the construction contractor ever closed these holes after the chemical was poured into the cinder blocks.

A formal complaint was made to the Department of Agriculture (Department) resulting in a penalty being assessed against Petitioner for a violation of Section 8(e) of the Act. Petitioner then requested a formal hearing before the Department. A hearing was held before the Department's Hearing Examiner who found that Petitioner had failed to reseal the holes in the concrete blocks in violation of the labeling directions for *post*-construction use of Gold Crest C-100. The Hearing Examiner recommended that a $500.00 penalty be assessed against Petitioner. That recommendation was adopted by the Secretary. This appeal ensued.

Section 8(e) of the Act provides:

> *No person shall use, or cause to be used, any pesticide inconsistent with its labeling* or to the regulations of the secretary if such differ from, or further restrict, the labeling of the pesticide (Emphasis added.)

Petitioner contends that the Secretary's finding that he administered the pesticide in a manner inconsistent with its labeling is not supported by substantial evidence.[3]

The Secretary based his decision on his finding that Petitioner treated the elements of the home in their *post*-construction phase. The Secretary concluded that the home was in a post-construction phase because the four walls that had been treated were completed and

---

[3] Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

capped. Under the product's *pre*construction labeling directions there are no instructions as to how to treat drilled holes in capped blocks. Those instructions are found only under the heading of *post*-construction treatment, wherein it states that the drilled holes should be plugged. Thus, it is apparent that the instructions applicable to this situation were those involving post-construction.[4] Therefore, we uphold the Secretary's determination that Petitioner violated Section 8(e) of the Act,[5] and affirm the order of the Secretary imposing the penalty.

ORDER

NOW, March 31, 1989, the order of the Secretary of the Department of Agriculture in the above-captioned matter is hereby affirmed.

---

[4] Because we uphold the Secretary's determination that the treatment here was of a home in the post-construction phase, we need not decide whether the Secretary erred in crediting the label submitted into evidence by the Department over those submitted by Petitioner, because all labels direct that in post-construction situations all holes are to be securely plugged. There was a conflict in the labeling only with regard to the instructions for preconstruction application.

[5] We are cognizant of the fact that Petitioner and Mazzola had an agreement to have Petitioner apply the treatment in the preconstruction phase. However, when Petitioner arrived at the construction site, the foundation walls had already been completed and capped. Thus, the Secretary's determination that the treatment was provided in a post-construction phase was proper. The Secretary's order, of course, would not have anything to do with the contract between the parties.